UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

BRIAN WHITTAKER and DUJUAN BRIGGS,

                                          Plaintiffs,

      -against-

CITY OF NEW YORK, SAID SALIM, Individually,
ABRAHAM GARCIA, Individually, RALPH SHERLOCK,
Individually, TIMOTHY GARCIA, Individually, MICHAEL
INGRAM, Individually, WILLIAM SOMMER, Individually,
and JOHN AND JANE DOE 1 through10, Individually (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                          Defendants.

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 5388 (SHS)

Jury Trial Demanded

       Plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

       1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

       4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff BRIAN WHITTAKER is a thirty-two year old man residing in the Bronx, New York.

7.      Plaintiff DUJUAN BRIGGS is a thirty-two year old man residing in the Bronx, New York.

8.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.     That at all times hereinafter mentioned, the individually named defendants, SAID SALIM, ABRAHAM GARCIA, RALPH SHERLOCK, TIMOTHY GARCIA, MICHAEL INGRAM, WILLIAM SOMMER, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

2

York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On July 22, 2011, at approximately 6:00 p.m., plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS were passengers, along with Charles Tonge, in a motor vehicle that was being driven by its owner, Aggrie Byas. The vehicle was stopped without any valid legal reason in the vicinity of 148th Street and Bradhurst Avenue, New York, New York, by defendant officers including, but not limited to, SAID SALIM, ABRAHAM GARCIA, RALPH SHERLOCK, TIMOTHY GARCIA, MICHAEL INGRAM, and WILLIAM SOMMER.

14. Notwithstanding the fact that no illegal contraband was recovered from said vehicle or any of its occupants, and no crime or offense had been committed, plaintiffs, the driver, and the other passenger were ordered out of the vehicle, handcuffed, arrested, transported to the 30th precinct stationhouse, stripped searched, and imprisoned therein.

15. To justify the plaintiffs' unlawful arrests, the defendant officers SAID SALIM, ABRAHAM GARCIA, RALPH SHERLOCK, TIMOTHY GARCIA, MICHAEL INGRAM, WILLIAM SOMMER, and JOHN and JANE DOE 1 through 10, participated in creating and manufacturing false evidence against plaintiffs.

16. Defendant SAID SALIM conveyed said false evidence to prosecutors, falsely stating that he recovered a loaded firearm from the trunk of said vehicle, causing said evidence to be used against plaintiffs in a legal proceeding.

17. Defendants SAID SALIM swore to false allegations that plaintiffs possessed a

loaded firearm by falsely stating in the Criminal Court Complaint that he recovered a loaded firearm from the trunk of said vehicle, which formed the basis of the legal charges filed against plaintiffs.

18. As result of said false, sworn allegations, plaintiffs were first arraigned on false charges in New York City Criminal Court on July 24, 2011 under Docket Numbers 2011NY054703 for BRIAN WHITTAKER and 2011NY054704 for DUJUAN BRIGGS. At the arraignment, the prosecutor was unable to articulate a valid reason for the stop of the vehicle, the arrest of the passengers, or the subsequent search of the vehicle.

19. As a result of the defendants' false allegations to the New York County District Attorney and to the New York City Criminal Court, the New York County District Attorney presented said false evidence to a New York County Grand Jury. The Grand Jury, after one or more of the defendants knowingly gave false testimony under oath and thereby caused false evidence to be presented to said grand jury, returned an indictment, filed in New York County Supreme Court, under indictment number 03815/2011, charging plaintiffs with Criminal Possession of a Weapon in the Second Degree in violation of P.L. §265.03(1)(b) and Criminal Possession of a Weapon in the Second Degree in violation of P.L. §265.03.03(3).

20. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

21. At plaintiff BRIAN WHITTAKER'S arraignment, bail was set at the request of the prosecutor, causing plaintiff WHITTAKER to be imprisoned at the Manhattan Detention Center for seven days until on or about July 29, 2011, when plaintiff posted bail and was

released.

22.     Plaintiff DUJUAN BRIGGS spent approximately 48 hours in custody and was released on July 24, 2011.

23.     As a result of the unlawful arrest and malicious prosecution described above, a purported violation of probation was initiated against plaintiff BRIAN WHITTAKER in Bronx County Supreme Court in mid-September of 2011. The violation of probation charge was based solely on plaintiff WHITTAKER'S false arrest and malicious prosecution beginning on July 22, 2011, and resulted in plaintiff WHITTAKER being wrongfully remanded by the Court and thereafter incarcerated at the Vernon C. Bain Correctional Center for more than seven months, from approximately mid-September 2011 until approximately May 1, 2012.

24.     As a result of the malicious prosecution, plaintiffs were compelled to return to court twenty times until June 13, 2013, on which date all of the charges filed against plaintiffs were dismissed by the Court and sealed in New York County Supreme Court.

25.     Defendant WILLIAM SOMMER, who holds the rank of sergeant, supervised defendants SAID SALIM, ABRAHAM GARCIA, RALPH SHERLOCK, TIMOTHY GARCIA, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrests and prosecutions of the plaintiffs.

26.     Defendants, SAID SALIM, ABRAHAM GARCIA, RALPH SHERLOCK, TIMOTHY GARCIA, MICHAEL INGRAM, WILLIAM SOMMER, and JOHN and JANE DOE 1 through 10 either directly participated in, or were present and aware of the illegal conduct described herein, yet did nothing to intervene despite a reasonable opportunity to do so.

27.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate

screening, hiring, retaining, training and supervising its employees, and otherwise pursuant to a custom or practice of falsification.

28. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the basis for arrests and prosecutions, and engage in a practice of falsely arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and engaging in a corrupt practice of making false allegations to cover up their abuse of authority.

29. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

30. Defendant CITY OF NEW YORK was further aware that defendant SAID SALIM had testified falsely in at least two judicial proceedings prior to July 22, 2011. On or before April 24, 2007, defendant SAID SALIM was found to be incredible after testifying in a probable cause hearing before the Honorable Roger Hayes, in New York County Supreme Court, in the matter of *The People of the State of New York v. Frank Brandon*, Indictment Number 0694/2006. That case involved the seizure of a quantity of narcotics. Judge Hayes ruled that defendant SAID SALIM'S testimony was implausible and was contradicted by the testimony of other witnesses. As a result of defendant SAID SALIM'S false testimony in that matter, the District Attorney of New York County filed a written document with the court in which it dismissed the indictment against Frank Brandon as a result of the false testimony of defendant

SAID SALIM.

31. Moreover, defendant CITY OF NEW YORK was aware that on or about November 11, 2010, defendant SAID SALIM was found to be incredible by the Honorable Marci Kahn after testifying in a probable cause hearing in the matter of *The People of the State of New York v. Wayne Davis and Jose Martinez*, Indictment number 03447/2009, regarding the seizure of a large quantity of narcotics. In that case, defendant SAID SALIM'S testimony was contradicted by a surveillance video that recorded the incident. As a result of defendant SAID SALIM'S false testimony in that matter, the District Attorney of New York County filed a written document with the court in which it dismissed the indictment against Wayne Davis and Jose Martinez. Prior to filing the written dismissal the prosecutor represented to the court that defendant SAID SALIM, and his partner at the time defendant TIMOTHY GARCIA, refused to cooperate with the District Attorney's investigation into the matter, refused to provide the District Attorney's office with requested documents, and both had obtained legal counsel. On information and belief, the matter is being investigated by the Office of Official Corruption and the Internal Affairs Bureau of the New York City Police Department.

32. On or about April 30, 2014, defendant SAID SALIM was arraigned in Part 31, New York Supreme Court, Criminal Term, under Indictment 02004/2014, where he is charged with two counts of Perjury in the First Degree pursuant to Penal Law § 210.15 and related charges. On information and belief, Indictment 02004/2014 is the direct result of defendant SAID SALIM'S false testimony described above in Paragraph 30.

33. Defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers, and that they otherwise engaged in widespread falsification.

7

Despite such notice, Defendant CITY of NEW YORK has retained these officers, and failed to adequately train, discipline, and supervise them.

34. As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS sustained, *inter alia*, loss of liberty, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

35. Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants arrested plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS without probable cause, causing them to be detained against their will for an extended period of time and subjected to physical restraints.

44. Defendants caused plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS to be falsely arrested and unlawfully imprisoned.

45. As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. §1983)

46. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants strip searched plaintiffs BRIAN WHITTAKER and DUJUAN

BRIGGS at the precinct, in the absence of reasonable individualized suspicion that plaintiffs were in possession of weapons or contraband at the time they were searched.

48. Defendants thereby caused plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS to be deprived of their right to be free from unlawful strip searches.

49. As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

50. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants initiated, commenced and continued a malicious prosecution against plaintiffs by providing false and/or misleading information to the New York County District Attorneys' office.

52. The aforesaid prosecution terminated in favor of plaintiffs when it was dismissed on or about June 13, 2013.

53. As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

54. Plaintiffs repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants issued criminal process against plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS by causing them to be arraigned and prosecuted for violation of the Penal Law.

56. Defendants caused plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

57. As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

58. Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants created false evidence against plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS.

60. Defendants utilized this false evidence against plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS in legal proceedings.

61. As a result of defendants' creation and use of false evidence, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS suffered a violation of their constitutional rights to a fair trial, as guaranteed by the United States Constitution.

62. As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN

BRIGGS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

63.     Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     Defendants had an affirmative duty to intervene on behalf of plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS, whose constitutional rights were being violated in the presence by other officers.

65.     The defendants failed to intervene to prevent the unlawful conduct described herein.

66.     As a result of the foregoing, plaintiffs BRIAN WHITTAKER'S and DUJUAN BRIGGS'S liberty was restricted for an extended period of time, they were put in fear of their safety, they were humiliated and subjected to handcuffing and other physical restraints, and they were maliciously prosecuted.

67.     As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

68.     Plaintiffs repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

70. As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

71. As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

72. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. The supervisory defendants personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

74. As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

75. Plaintiffs repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

77. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees, as well as a custom or practice of falsification, that was the moving force behind the violation of plaintiffs BRIAN WHITTAKER'S and DUJUAN BRIGGS'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

78. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs BRIAN WHITTAKER.

79. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS as alleged herein.

80. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force

behind the Constitutional violations suffered by plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS as alleged herein.

81. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs BRIAN WHITTAKER was unlawfully arrested and maliciously prosecuted.

82. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs BRIAN WHITTAKER'S and DUJUAN BRIGGS's constitutional rights.

83. All of the foregoing acts by defendants deprived plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from malicious prosecution;

    D. To be free from deprivation of his right to fair trial;

    E. To be free from the failure to intervene; and

    F. To be free from unlawful searches.

84. As a result of the foregoing, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

WHEREFORE, plaintiffs BRIAN WHITTAKER and DUJUAN BRIGGS demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
December 8, 2014

          LEVENTHAL & KLEIN, LLP
          Attorneys for Plaintiffs BRIAN WHITTAKER
          45 Main Street, Suite 230
          Brooklyn, New York 11201
          (718) 722-4100

By: _____
      BRETT H. KLEIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

BRIAN WHITTAKER,

                                                              Plaintiffs,

                                                               14 CV 5388 (SHS)

    -against-

CITY OF NEW YORK, SAID SALIM, Individually,
ABRAHAM GARCIA, Individually, RALPH SHERLOCK,
Individually, TIMOTHY GARCIA, Individually, MICHAEL
INGRAM, Individually, WILLIAM SOMMER, Individually,
and JOHN AND JANE DOE 1 through10, Individually (the
names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                                    Defendants.

---------------------------------------------------------------------------X


## AMENDED COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100